### CONSOLIDATED COPALQUIN MINES CO., Limited, v. BROADWAY REALTY CO.

(Supreme Court, Appellate Term. June 13, 1900.)

DOMESTIC CORPORATION—JURISDICTION.

> Since the municipal courts of New York have jurisdiction over domestic corporations only where their principal place of business is in the city of New York, this fact must affirmatively appear by averment and proof, in order to justify these courts in entertaining such action.

Appeal from municipal court, borough of Manhattan, First district.

Action by the Consolidated Copalquin Mines Company, Limited, against the Broadway Realty Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Nestor A. Alexander, for appellant.
Dan Fellows Platt, for respondent.

PER CURIAM. The defendant is a domestic corporation, but the complaint does not allege that it had its principal place of business within the city of New York, as now constituted. Some attempt was made upon the trial to prove that such was the case, but the evidence given was insufficient to establish the fact. Under the decisions of the appellate division in this department, the municipal court has no jurisdiction over a domestic corporation unless its principal place of business is established or actually located within the city of New York. As jurisdiction must affirmatively appear, the absence of averment and proof of its existence is fatal to the judgment.

Judgment reversed, and a new trial ordered, with costs to abide the event.